UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

In re: )
)
TUTOGI SA FLORENCE UNUTOA, )
) **Case No.: 21-00045-GS**
Debtor. ) Chapter 13
_____ )

### ORDER ON MOTION FOR ORDER CLARIFYING STATUS OF AUTOMATIC STAY, OR IN THE ALTERNATIVE RELIEF FROM STAY

Southwood Manor Associates, LLC (Southwood) owns the space on which debtor Tutogi Sa Florence Unutoa resides as a tenant. Southwood owns a trailer park and Ms. Unutoa leases a pad for her mobile home.

On January 15, 2021, Southwood filed a Forcible Entry and Detainer (FED) action against Ms. Unutoa in state court. The state court entered a Judgment for Possession and a Writ of Assistance awarding possession to Southwood after conducting a hearing. The court entered its Judgment for Possession on February 12, 2021, under Alaska Civil Rule 54(b). The Judgment for Possession did not state the total delinquency owed, but recognized that damages would be addressed separately. The Judgment for Possession also ordered Ms. Unutoa to vacate the mobile home space by March 7, 2021. The Writ of Assistance authorized any peace officer to enter the mobile home to determine if there are persons or public safety risks present before the mobile home was removed.

On March 8, 2021, Ms. Unutoa filed her chapter 13 petition. Together with her petition, Ms. Unutoa filed her Official Form 101A Initial Statement About an Eviction Judgment Against You (ECF No. 3). Ms. Unutoa certified that under applicable nonbankruptcy law she had the right to stay in her residence by paying the entire delinquency owed to Southwood despite the Judgment of Possession. She did not include any payment or certify, however, that she included the rents that became due for the first 30 days after the bankruptcy though this requirement is included in the official form.

Ms. Unutoa also filled out Official Form 101B Statement About Payment of an Eviction Judgment Against You (ECF No. 4). This document was also filed on March 8, 2021. In this statement, Ms. Unutoa again certified that she had the right to stay in her residence by paying the delinquency in full, and that within 30 days of her petition she had paid the amount stated in the Judgment for Possession in full. No payment of the defaulted amount was presented with this certification.

There is no evidence that Ms. Unutoa served the certifications on Southwood. The docket does not include any certificate of service showing that Ms. Unutoa served either Official Form 101A or 101B on Southwood. It also appears that there was no electronic service on Southwood as it had not yet entered its appearance in Ms. Unutoa's bankruptcy case.

On March 9, 2021, the Bankruptcy Court Clerk's Office did mail Southwood a Notice of Service of Certified Docket Sheet Pursuant to 11 U.S.C. § 362(l) advising it

that a deposit of rent coming due within the first 30-day period after the petition date was not filed on the docket.  ECF No. 9.  In contrast, the Clerk's notice suggested that Ms. Unutoa had filed her certifications using Official Form 101A and 101B as the boxes to indicate a failure to file these documents were *not* marked.

On April 5, 2021, the Bankruptcy Court received another set of Official Forms 101A and 101B.  Ms. Unutoa did not mark either of the boxes necessary for the initial statement concerning her ability to cure the default or the payment of rent for the next 30 days.  She did mark both boxes in the second certification concerning payment of the default rental amounts in full.  Together with these certifications filed on April 5, Ms. Unutoa also submitted two cashier's checks: one for $550.00 and another for $1,040.00 for a combined total of $1,590.00.  The Clerk of the Court completed the Clerk's Acceptance and Transmittal of Debtor's Rent Deposit Pursuant to 11 U.S.C. § 362(l)(5)(D).  ECF No. 25.  This document transmitted the cashier's checks to Southwood.

On May 28, 2021, Southwood filed its Motion for Order Clarifying Status of Automatic Stay, or in the Alternative Relief from Stay (ECF No. 41) (Motion).  Southwood relies upon § 362(b)(22) for the proposition that the automatic stay does not apply to the enforcement of the Judgment for Possession or the use of the Writ of Assistance.

Southwood failed to notice its Motion or schedule the matter for hearing. The matter sat on the docket until the court *sua sponte* set the Motion for oral argument on July 28, 2021. The court's order provided that Ms. Unutoa could file a written opposition by July 20, 2021. No opposition was filed.

The matter came before the court for argument on July 28, 2021. Ms. Unutoa appeared telephonically for herself. Brian Riekkola appeared on behalf of Southwood and argued that Southwood should be permitted to continue the eviction of Ms. Unutoa under the prepetition Judgment for Possession pursuant to the Writ of Assistance. Ms. Unutoa informed the court that she filed a motion in state court to set aside the Judgment for Possession. Mr. Riekkola responded that her motion was denied by the state court in March of 2021. Despite not filing any written opposition to the Motion, Ms. Unutoa stated that she was current on her rental obligations, having paid $1,040 allegedly reflected on her paperwork from Southwood as being due. She did, however, acknowledge that, based on a telephone conversation she had with a Southwood representative, there appeared to be some legal fees remaining to be paid. Southwood then stated that Ms. Unutoa had been making payments of $550.00 per month and that only legal fees and unpaid lock fees totaling $2,085.00 remained owing.

At the conclusion of oral argument, the court took the matter under submission.

## Analysis

Section 362(b)(22) generally excepts from the automatic stay: "the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor." Critically, this exception is subject to § 362(l), which provides the mechanism by which a tenant may stay enforcement of a judgment for possession. To maintain the automatic stay, together with the petition a debtor must file and serve upon the lessor a certification under penalty of perjury that: (A) she can cure the entire monetary default under applicable nonbankruptcy law after entry of the judgment for possession; and (B) the debtor has deposited with the clerk of the court any rent that would become due during the 30-day period after the filing of the bankruptcy petition. 11 U.S.C. § 362(l)(1).

If the debtor cures the default within 30 days, she must file and serve another certification on the landlord that she has done so. Upon accomplishing this, the exception to the stay provided by § 362(b)(22) will not apply unless ordered to apply by the court under paragraph (3). If the debtor fails to comply with the provisions of § 362(l), including the certifications, the stay is terminated automatically without further need for a motion for relief from stay. 11 U.S.C. § 362(l)(4).

If the lessor objects to the debtor's certifications under §§ 362(l)(1) or (2) the court is required to hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true. 11 U.S.C. § 362(l)(3)(A). If the court sustains the lessor's objection, the exception to the stay provided by § 362(b)(22) applies immediately. 11 U.S.C. § 362(l)(3)(B). In such situations relief from the automatic stay is not required to permit further action because the exception provided applies, and statutorily becomes effective immediately. *Id.*

In this instance Ms. Unutoa timely filed her initial certification that she had the right to stay in her residence by paying the entire delinquency owed to Southwood despite the Judgment of Possession, together with her petition. But there is no evidence that that she served a copy of her certifications on Southwood as required by § 362(l)(1).

More importantly, on her petition date Ms. Unutoa did not deposit with the Clerk of Court funds for the rent coming due within the next 30 days as required under § 362(l)(1)(B). Although one of the two cashier's checks Ms. Unutoa submitted on April 5 was in the amount of $550, and that amount is consistent with Southwood's report of the monthly payments it has been receiving from her, § 362(l)(1)(B) requires that those funds be paid on the petition date, not weeks later.

Ms. Unutoa's second certification also states that she paid the entire amount owed under the Judgment for Possession, which is consistent with her statement at the hearing that she understood the entire amount owing was $1,040, the amount of the second

cashier's check received by the Clerk of Court on April 5.  This figure is not consistent with the amount Southwood alleges is currently outstanding.  Again, there is no evidence that Ms. Unutoa served Southwood with the second set of certifications, though the Clerk of Court did forward the cashier's checks to it.

The requirements of § 362(l) are strictly construed.  Although some statements regarding the nature of the $1,590 payments were made on the record at the hearing, neither party has provided the court with any admissible evidence to clarify exactly what those cashier's checks covered.  The natural inference to be drawn from Ms. Unutoa's bankruptcy filing, however, is that some rent was due in the 30 days after she filed her petition.  The failure to include a check for that amount with her *initial* certification filed on the petition date precluded the extension of the stay for the first 30 days after the bankruptcy filing under § 362(l)(1).  This case is similar to *In re Williams*, 371 B.R. 102, 107-112 (Bankr. E.D. Pa. 2007), in which "the Debtors' certification memorialized in their bankruptcy petition asserted the ability to cure but failed to certify (or make) the requisite rent deposit. Accordingly, the Debtors did not comply with the Initial Certification/Cure required by § 362(l)… As Debtors have failed to fulfill the requirements of § 362(l), the stay was inoperative by reason of [section 362(b)(22)]."[1]

---

[1] *See also In re Torres,* 2021 WL 2189515, at *3 (Bankr. D. Conn. May 28, 2021); *In re Oyarzun*, 2017 WL 6550500, at **3–4 (Bankr. W.D.N.Y. Dec. 21, 2017); *In re Maggiore*, 2016 WL 1238852, at *3 (Bankr. N.D. Ohio Mar. 29, 2016); *In re Baird*, 2006 WL 3922527, at *4 (Bankr. E.D. Tenn. Jan. 27, 2006).

In her second set of certifications, Ms. Unutoa stated that she did pay off the amounts owed under the Judgment for Possession.  The court is not in a position to evaluate the truth of this statement as the Judgment for Possession left the amount due to be determined at a later date.  Southwood has also failed to address this point or provide any evidence as to the calculation of the deficiency and has not addressed the application of § 362(l).  Still, the automatic stay terminated as a matter of law when Ms. Unutoa failed on her petition date to make the payment on the rents coming due within the first 30 days.  *See* 11 U.S.C. §§ 362(b)(22) and (l)(4).

Section 362(b)(22) is intended to allow landlords to enforce their prepetition judgments for possession based on unpaid rents.  If those rents are no longer unpaid, however, the judgment would appear to be satisfied and eviction would appear to be unavailable under state law.  In this instance, a problem exists because the judgment underlying the eviction is unliquidated.  At oral argument Southwood advised the court that attorney fees and lock fees were still outstanding.  This statement, though not evidence, suggests that Ms. Unutoa may have paid off her delinquent rents in April.  As the Judgment for Possession did not specify an amount, the court is left to question what remains outstanding to support an eviction.  Questions may also exist as to the reasonableness of the attorney fees or Ms. Unutoa's liability for such attorney fees depending on whether she did pay the total rents and when the fees were incurred.  It is unclear how Southwood can continue with the eviction based on a Judgment for

Possession which may have been cured, especially in the absence of a liquidated amount for the debtor to cure under § 362(l).

Southwood's current grounds upon which to maintain an eviction action, however, are a matter for the state court to resolve.  For purposes of the present motion, the failure to tender the upcoming 30 days' rent with the petition caused the automatic stay to terminate under §§ 362(b)(22) and (l)(4).

Therefore,

IT IS HEREBY ORDERED that the Motion for Order Clarifying Status of Automatic Stay, or in the Alternative Relief from Stay (ECF No. 41) is GRANTED in part. By operation of §§ 362(b)(22) and (l)(4), no stay of Southwood's eviction action occurred upon the filing of Ms. Unutoa's bankruptcy case.  Accordingly, to the extent Southwood maintains sufficient grounds for eviction, it may pursue its state court eviction action against Ms. Unutoa and she may seek any relief appropriate in state court based on her understanding that she has cured the prepetition default supporting the Judgment for Possession.  All other relief under the Motion is denied as moot.

DATED this 12th day of August, 2021.

> By: /s/ Gary Spraker_____
> GARY SPRAKER
> United States Bankruptcy Judge

Serve: Debtor
B. Riekkola, Esq. via email at brian@northstarlawgroup.com

N. Jipping, Trustee
U.S. Trustee
ECF Participants via NEF